# Dietrich *versus* Berk.

*Trespass* will not lie against one for removing a gate upon his own land, though the plaintiff has a right of way through it, and though he assisted in its erection: but if erected under a promise or agreement that it is to remain, *case* may lie for the labor expended and perhaps for injury sustained by its removal.

ERROR to the Common Pleas of *Berks county*.

This was an action of trespass, *quare clausum fregit*, by Jonas Berk *v.* J. & L. Dietrich, for removing a gate erected on the land of their father, George Dietrich.

Berk had a right of way for 25 or 30 years over the land of George Dietrich to a public highway. About 12 or 14 years before the trial, the plaintiff and one McGargy, the then owner of the land, afterwards owned by Dietrich, fenced a lane, each one putting up a part of the fence, and each keeping the half of it in repair. The lane was not upon the line between them. Subsequently Dietrich determined to fence off a lane by running a fence entirely on his own premises, and affording to Berk an open way, by removing the bars at the road, and also at the other extremity. Berk afterwards entered on Dietrich's land, and supplied the place of the bars at the road by erecting *a gate* entirely on Dietrich's land, thus closing the road, and thus serving to keep

[Dietrich v. Berk.]

his cattle confined. *This gate* Dietrich directed to be removed, and this action was brought.

The Court below charged that the plaintiff's right to have the fence closed did not depend on the ground of an easement, or adverse user, or claim of ownership up to the fence, but upon his having built a portion of the fence in consideration of McGargy building another portion of it. That it was a contract, and that the defendants had no right to disturb the fence.

Error was assigned to this part of the charge.

*Jones* and *Wanner*, for plaintiffs in error.—Mere proof that adjoiners had made a verbal agreement to make a fence not on their line, but to suit their convenience in enclosing their land, each one to make and repair one half, does not divest either party of the right to fall back on the true line, *which was not in dispute:* 10 *Ser. & R.* 114; 4 *Barr* 336. A line between parties is not to be changed without consideration or agreement of the parties. To pass the title by means of a consentible line, it should appear that the line was *in dispute*, and that by the consentible line it was designed to settle the dispute: 2 *Barr* 488; 3 *Ser. & R.* 327.

*Strong* and *Young*, for defendant in error.—The fence was made by Berk and McGargy, in order to enclose the lands of both, and each held possession to the fence. For the destruction or removal of any part of the fence, trespass lay: 2 *Harris* 514; 7 *Barr* 397. The fence was a consentible line, by which they were bound: 10 *Ser & R.* 115; 10 *Watts* 321; 3 *Harris* 25; 8 *Watts* 403.

The opinion of the Court was delivered by

BLACK, J.—The trespass alleged here consisted in taking down and carrying away a gate. But the gate had stood on the land of the defendant himself. It would be a curious breaking of a man's own close which would render him liable to another person in trespass. The only claim or title which the plaintiff had to the *locus in quo* was a right of way over the defendant's land, which he had enjoyed for many years, and does yet enjoy. His road ran through the gate in question. He cannot maintain trespass for the removal of the gate for two good reasons. In the first place, the act complained of was not a disturbance of his right to the easement, since he could use his road without a gate as well as with one. And, secondly, if his right of way had been disturbed, his remedy is not trespass but case.

The plaintiff was allowed to recover in the Court below, not on the ground of his easement nor title in the land, nor adverse possession. The controlling fact is said in the charge to be this: that the plaintiff assisted a former owner of the defendant's land to

[Dietrich *v.* Berk.]

build a fence of which the gate in question was part, and that the
fence was beneficial to the plaintiff as well as to the owner of the
land on which it was built.   If I build a fence or any other such
structure upon my neighbour's land, it is his, not mine; and the
dominion which every man has over his own property, gives him
a right to remove it whenever he pleases.   If it be useful to me
as well as to him, and if I build it in consideration of his pro-
mise that it should stand there for ever, and if he removes it in
violation of that promise, I may recover in an action on the con-
tract the value of my labor, and perhaps for the consequential
injury.   On no principle known to the law can I maintain an
action of trespass.

Judgment reversed and *ven. fa. de novo* awarded.